ORIGINAL

AGARD & KAIAMA, LLC
KEONI K. AGARD      #2649
DEXTER K. KAIAMA   #4249
Harbor Tower at Harbor Square
700 Richards St., Ste.805
Honolulu, Hawai'i 96813
Telephone: 545-2922

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 08 2010

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff
DAVID VELEZ

UNITED STATES DISTRICT COURT

for the

DISTRICT OF HAWAI'I

| | |
|---|---|
| DAVID VELEZ,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CERTIFICATE HOLDERS, CWMBS, INC., CHL MORT-GAGE PASS-THROUGH TRUST 2005-HYB 10 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HYB 10, SECURITY NATIONAL MORTGAGE and DOES 1 through 20 inclusive,<br><br>Defendants. | CIVIL NO. **C V 1 0   0 0 0 1 5 DAE KSC**<br><br>**COMPLAINT; DEMAND FOR TRIAL BY JURY; SUMMONS** |

## COMPLAINT

**Parties**

1.  Plaintiff DAVID VELEZ, (hereinafter referred to as "Plaintiff", is domiciled in the State

    of Hawaii.

2.  Upon information and belief Defendant THE BANK OF NEW YORK MELLON, a New

York corporation, AS TRUSTEE FOR CERTIFICATE HOLDERS, CWMBS, INC., CHL

MORTGAGE PASS-THROUGH TRUST 2005-HYB 10 MORTGAGE PASS-THROUGH

CERTIFICATES, SERIES 2005-HYB 10, (hereinafter referred to as Defendant "MELLON"), is

a corporation domiciled in the State of New York, and doing business in Hawaii.

3.   Upon information and belief, Defendant SECURITY NATIONAL MORTGAGE

COMPANY, (hereinafter referred to as Defendant "Security", is incorporated in the State of

California and doing business in the State of Hawaii.

4.   DOE DEFENDANTS 1 through 20, inclusive, are various individuals, partnerships,

associations, corporations, and other entities claiming any legal right, title, estate, lien or interest

in the property, as described hereinbelow, adverse to Plaintiff's interests. Plaintiff will make a

good faith effort to determine the true names and identities of these parties.

5.   Plaintiff reserves the right to amend this Complaint to add such parties as their true

identities and capacities are ascertained through discovery or otherwise.

**Jurisdiction and Venue**

6.   Jurisdiction arises under 15 U.S.C. 1601 et.seq., 15 U.S.C. 1605, 15 U.S.C. 1635, 15

U.S.C. 1640, Title 12, Regulation Z, Part 226 et.seq., Title 24 C.F.R., Regulation X, Part 3500.

This court also has authority to hear Federal Law and laws of the State of Hawai'i.

**General Background**

7.   This is an action to permanently enjoin Defendants SECURITY, MELLON and/or DOE

DEFENDANTS from foreclosing and conducting a foreclosure auction sale of certain real

property designated as TMK (2) 3-4-035--038, located at 391 Hanalei Place, Wailuku, Hawai'i,

96793 (hereinafter "Property").  The purported Mortgage and Note for the Property and the

actions taken by Defendants SECURITY, MELLON and/or DOE Defendants named herein

contain unfair trade practices and predatory lending practices.

8.   This action is also asserted as a defense to an action to collect a debt by Defendant

MELLON filing for non-judicial foreclosure auction sale of the Property pursuant to Hawai'i

Revised Statutes, Chapter 667-5 through 667-10.

9.      Plaintiff also seeks recovery for statutory damages for non-disclosure of Plaintiff's

right to cancel, non-disclosure of certain Truth in Lending disclosures and Federal violations of

numerous consumer rights, together with attorney fees and costs.

10.      Defendants SECURITY, MELLON and/or DOE DEFENDANTS purported to

execute a Note dated September 1, 2005, executed by Plaintiff.  The Note was secured by that

certain Mortgage recorded September 14, 2005, in the Bureau of Conveyances, State of Hawaii,

as Document No.2005-183-896, under purported loan number XXXXXX____ (hereinafter

referred to as "Mortgage and Note").

11.      Either before, during and/or after execution of said mortgage and note, completion

of the transaction, closing of escrow and/or recording of said Mortgage and Note, Defendants

SECURITY, MELLON and/or DOE DEFENDANTS failed and/or refused to provide Plaintiff

with copies of important documents which would explain his consumer rights, as well as other

rights, including but not limited to, the right to cancel the contract, and disclosures required

under the Federal Truth in Lending "TILA", the Real Estate Settlement Procedures Act

"RESPA", the Equal Credit Opportunity Act "ECOA", the Gramm, Leach, Bliley Act "GLB",

Fair & Accurate Credit Transactions Act "FACTA" and the Home Ownership and Equity

Protection Act "HOEPA".

12.      Defendants SECURITY, MELLON and/or DOE DEFENDANTS negligently

and/or intentionally failed and/or refused to provide disclosures that would indicate to Plaintiff

that the contract entered into was void, illegal and/or otherwise in violation of Federal Law.

13.    Defendants SECURITY, MELLON and/or DOE DEFENDANTS negligently and/or intentionally failed and/or refused to obtain the signatures and secure the dates at time of signing of the Right to Cancel document in violation of federal law.

14.    Defendants SECURITY, MELLON and/or DOE DEFENDANTS were under a legal obligation as a fiduciary and had the responsibility of overseeing the purported loan consummation and to make sure that Plaintiff received all documentation, before and after the purported consumer transaction.

15.    Defendants SECURITY, MELLON and/or DOE DEFENDANTS made untrue or misleading representations regarding the costs of the mortgage loan for the Property.

16.    Defendants SECURITY, MELLON and/or DOE DEFENDANTS viewed Plaintiff as nothing more than the means for producing more loans, originating loans with little or no regard to Plaintiff's long-term ability to afford said loan and to sustain ownership.

17.    Defendants SECURITY, MELLON and/or DOE DEFENDANTS negligently and/or intentionally eased its underwriting criteria and disregarded the minimal underwriting criteria it claimed to require.  By doing so, said Defendants increased the risk that Plaintiff would lose his home.

18.    Defendants SECURITY, MELLON and/or DOE DEFENDANTS implemented this deceptive scheme through misleading marketing practices designed to sell risky and costly loans to homeowners, the terms and dangers of which Plaintiff did not understand.

19.    Defendants SECURITY, MELLON and/or DOE DEFENDANTS knowingly put Plaintiff into a loan that he could not afford thereby violating federal and state prohibitions against predatory lending practices.

20.     Defendants SECURITY, MELLON and/or DOE DEFENDANTS may purport to have an interest in the Property.  However, none of said Defendants are in possession of the original Note and therefore have no authority to enforce the provisions of the Mortgage and Note against Plaintiff.

21.     Defendant MELLON has accelerated all sums secured by the Mortgage and Note and seek to sell the Property.  However, said Defendant without the possession of the original Note is barred from moving forward without authority or standing to enforce the provisions of the Mortgage and Note against Plaintiff.

22.     Defendant MELLON is not the holder of the Note and thus not the real party in interest herein, thereby entitling Plaintiff to injunctive relief for any action taken against Plaintiff and/or the subject Property by said Defendant, or any other Defendant named herein.

23.     Defendant MELLON is subject to the Mortgage and Note violations of all its predecessors, and is liable to Plaintiff in the same manner as are Defendants SECURITY and/or DOE DEFENDANTS and said violations serves to bar said Defendants from taking any action against Plaintiff and/or the Property, including but not limited to foreclosure sale of the Property.

24.     Defendant MELLON knew or should have known, at the time it received and/or otherwise obtained its interest in the Property, that Defendants SECURITY and/or DOE DEFENDANTS had failed to provide statutory disclosures and engaged in deceptive and unfair business practices, in violation of Federal and State statutes such that said violations and actions are imputed to Defendant MELLON.

25.     Alternatively, Plaintiff's defenses, claims and rights, including but not limited to, the right to recovery of damages, injunction and any other remedy available under State, Federal and/or common law, under the Mortgage and Note bars Defendants SECURITY, MELLON and/or DOE

DEFENDANTS from taking any action, including but not limited to foreclosure sale, against

Plaintiff and the subject Property.

26.     Violations of federal and state statutes, alleged herein, bar Defendants

SECURITY, MELLON and/or DOE DEFENDANTS, from filing, causing to be filed and/or

conducting foreclosure proceedings against Plaintiff and the subject Property.  Plaintiff is entitled

to an immediate injunction on any said foreclosure and/or subsequent ejectment proceedings.  A

public auction to sell the Property is scheduled to be held on January 15, 2009, by Defendant

MELLON.

## COUNT 1 – UNFAIR TRADE PRACTICES INVOLVING NON COMPLIANCE, UNDER 15 USC SECTIONS 1802, ET.SEQ.

27.     The facts made above in paragraphs 1 through 26 above are hereby realleged as

though fully set out and incorporated by reference herein.

28.     Full disclosure of the Mortgage and Note documents were not given to Plaintiff by

Defendants SECURITY, MELLON and/or DOE DEFENDANTS, at or after closing and/or

completion of the Mortgage and Note transaction had taken place, and/or after Plaintiff had

purported to sign the Mortgage and Note documents.

29.     The above-mentioned parties including Defendants SECURITY, MELLON and/or

DOE DEFENDANTS failure to disclose constitutes a false representation of the settlement

agreement of said Mortgage and Note, in violation of Federal and State laws of the State of

Hawai'i.

30.     The violations set forth hereinabove are either caused by and/or imputed to

Defendants SECURITY, MELLON and/or DOE DEFENDANTS.

31.     As a direct, proximate and foreseeable result of Defendants SECURITY,

MELLON and/or DOE DEFENDANTS' actions, Plaintiff is subjected to the potential and/or

actual loss of property and loss of use of property and other damages.

### COUNT 2 – FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS IN VIOLATION OF 15 U.S.C. SEC.1601, ET.SEQ. AND TITLE 12, REGULATION Z PART 226 E.SEQ.

32.     The facts above in paragraphs 1 through 31 are hereby realleged as though fully

set out and incorporated by reference herein.

33.     Defendants SECURITY, MELLON and/or DOE DEFENDANTS failed to give

the required notice in various loan documents and to have said documents signed by Plaintiff, as

required by 15 U.S.C. 1601 et.seq. and Title 12, Regulation Z, Part 226 et.seq.

34.     Plaintiff is specifically in the class of persons this law was designed to protect.

35.     The violations set forth hereinabove are either caused by and/or imputed to

Defendants SECURITY, MELLON and/or DOE DEFENDANTS.

36.     As a direct, proximate and foreseeable result of Defendants SECURITY,

MELLON and/or DOE DEFENDANTS failure to provide proper notice, Plaintiff is subject to

the potential and/or actual loss of property and loss of use of property and other damages.

### COUNT 3 - FAILURE TO GIVE 3 DAY COOLING PERIOD IN VIOLATION OF 15 U.S.C. SEC.1601, ET.SEQ, AND REGULATIONS Z

37.     Plaintiff realleges and incorporates paragraphs 1 through 36 of this Complaint as

though fully set out herein.

38.     Defendants SECURITY, MELLON and/or DOE DEFENDANTS failed to give

Plaintiff the required 3 day cooling off period, as required by Regulation Z and 15 U.S.C 1601

et.seq.

39.     Plaintiff is specifically in the class of persons this law was designed to protect.

40.     The violations set forth hereinabove are either caused by and/or imputed to

Defendants SECURITY, MELLON and/or DOE DEFENDANTS.

41.     As a direct, proximate and foreseeable result of Defendants SECURITY,

MELLON and/or DOE DEFENDANTS' failure to provide proper disclosure, Plaintiff is subject

to the potential and/or actual loss of property, loss of use of property and other damages.

**COUNT 4 - FAILURE TO GIVE CONSPICUOUS WRITINGS IN VIOLATION OF 15 U.S.C SEC.1601, ET.SEQ. AND TITLE 12 OF FEDERAL REGULATIONS, SEC.226.18**

42.     Plaintiff realleges and incorporates paragraphs 1 through 41 of this Complaint as

though fully set out herein.

43.     By reason of the foregoing, Defendants SECURITY, MELLON and/or DOE

DEFENDANTS have failed to make the disclosures required by 15 U.S.C. 1601 et seq. and Title

2 Code of Federal Regulations, Sec.226.18.

44.     Plaintiff is specifically in the class of persons this law was designed to protect.

45.     The violations set forth hereinabove are either caused by and/or imputed to

Defendants SECURITY, MELLON and/or DOE DEFENDANTS.

46.     As a direct, proximate and foreseeable result of Defendants SECURITY,

MELLON and/or DOE DEFENDANTS' failure to provide proper disclosure, Plaintiff is subject

to the potential and/or actual loss of property, loss of use of property and other damages.

**COUNT 5 - UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF CHAPTER 480, HAWAII REVISED STATUTES**

47.     Plaintiff realleges and incorporates paragraphs 1 through 46 of this Complaint as

though fully set out herein.

48.     Plaintiff is a consumer within the meaning of Chapter 480, Hawaii Revised

Statutes.

49.     Plaintiff is specifically in the class of persons that this law was designed to protect.

50.     Actions and conduct of Defendants SECURITY, MELLON and/or DOE DEFENDANTS' as it relates to Plaintiff and the subject Property are deceptive acts and practices and unfair methods of competition in the conduct of trade and/or commerce actionable under Sec.480-2, 480-13.

51.     As a direct, proximate and foreseeable result of Defendants SECURITY, MELLON and/or DOE DEFENDANTS' actions, they are in violation of HRS 480-2 and in addition, HRS 480-13.

## COUNT 6 – DECLARATORY JUDGMENT RE: FRAUD AND RESCISSION AND COMMON LAW DAMAGES

52.     Plaintiff realleges and incorporates paragraphs 1 through 51 of this Complaint as though fully set out herein.

53.     Plaintiff seeks a declaratory judgment on the Note and Mortgage and as may have been assigned are void and unenforceable as procured by deceit and misrepresentation and duress, with entitlement to actual damages, including attorneys' fees and costs, as found to be appropriate upon the trial herein.

## COUNT 7 – INJUNCTIVE RELIEF

54.     Plaintiff realleges and incorporates paragraphs 1 through 53 of this Complaint as though fully set out herein.

55     Plaintiff seeks injunctive relief, preventing Defendants SECURITY, MELLON and/or DOE DEFENDANTS from further invoking and/or bringing or carrying through with any

foreclosure and sale of the Property against Plaintiff, entitling him to the issuance of an injunction against said Defendants from participating in the transfer of title to the Property, and an award of actual damages, including attorneys' fees and costs.

## COUNT 8 – PUNITIVE DAMAGES

56.    Plaintiff realleges and incorporates paragraphs 1 through 55 of this Complaint as though fully set out herein.

57.    The actions complained of above, against Defendants SECURITY, MELLON and/or DOE DEFENDANTS, independently and conspiratorially as the evidence at trial may show, constituting fraud and unfair and deceptive acts and practices, were done in a wanton, willful, intentional, and/or reckless manner, in complete criminal disregard of the finances of Plaintiff, for which Plaintiff is entitled to an award of punitive and exemplary damages, to be determined with their proof at trial.

### PRAYER FOR RELIEF

a.    Award Plaintiff statutory damages as will be proven at trial.

b.    Award Plaintiff treble damages pursuant to applicable law in an amount to be proven at trial.

c.    Award Plaintiff actual damages pursuant to applicable law in an amount to be proven at trial.

d.    Award Plaintiff rescission of the loan for material nondisclosures, pursuant to applicable Federal and/or State Laws.

e.    Award Plaintiff injunctive relief to enjoin Defendants named herein from foreclosing on the subject property including any other remedy as permitted under Federal and/or State Law.

f. Award Plaintiff punitive damages to the maximum extent allowed by law.

h. Award Plaintiff costs and attorneys' fees, as permitted under applicable Federal and/or State Law in an amount determined by statute and decided by the Court.

i. Award Plaintiff such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, January 8, 2010.

_____
Keoni K. Agard
Dexter K. Kaiama
Attorneys for Plaintiff